| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Alyssa B. Klausner, Esq. (SBN 162253)<br>Swedelson & Gottlieb<br>11900 W. Olympic Blvd., Suite 700<br>Los Angeles, CA  90064<br>Telephone: (310) 207-2207<br>Facsimile:  (310) 207-2115<br>Email: abk@sghoalaw.com | |
| ☐  *Movant appearing without an attorney*<br>☒  *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Laquenta Marie Parker | CASE NO.: 2:14-bk-19444-SK<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(REAL PROPERTY)** |
| Debtor(s). | DATE: 02/11/2015<br>TIME: 8:30 a.m.<br>COURTROOM: 1575 |

**Movant:** THE HOMESTEAD HOMEOWNERS ASSOCIATION

1. **Hearing Location:**

   ☒ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 1                          **F 4001-1.RFS.RP.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 01/13/2015

Swedelson Gottlieb
Printed name of law firm (if applicable)

Alyssa B. Klausner, Esq.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                        F 4001-1.RFS.RP.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☒ Other (specify):
   Secured Creditor homeowners association where the subject real property is located.

2. **The Property at Issue (Property):**

   a. Address:

      *Street address:* 6637 Caro Street
      *Unit/suite number:* 95
      *City, state, zip code:* Paramount, California 90723

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit  1, 3 ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (date)  05/14/2014 .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (date) _____.

   c. ☐ A plan, if any, was confirmed on (date) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

      (2) ☒ The bankruptcy case was filed in bad faith.

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

         (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

         (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

         (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

         (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

         (F) ☒ Other (see attached continuation page).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                     Page 3                     **F 4001-1.RFS.RP.MOTION**

(3) ☒ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12
        trustee or chapter 13 trustee.

    (B) ☒ Postpetition ~~mortgage~~ [HOA] payments due on the ~~note~~ [CC&Rs] secured by a ~~deed of trust~~ [lien & Abstract] on the Property have not
        been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
    which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to
    § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or
    30 days after the court determined that the Property qualifies as "single asset real estate" as defined in
    11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay,
    hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
        court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have
    been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
    with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:


6. **Evidence in Support of Motion:  (D*eclaration(s) MUST be signed under penalty of perjury and attached to this
motion)***

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set
    forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case
    commencement documents are attached as Exhibit _6___.

d. ☒ Other:
    Exhibits 1-8 attached to the Declarations filed concurrently herewith, including the CC&Rs, the Lien, the
    ledger

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential ~~forebearance~~ *payment* agreement, ~~loan modification, refinance~~ agreement or other ~~loan~~ workout ~~or loss mitigation~~ agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.  ~~Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.~~

3. ☒ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:

    ☒ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. ☒ If relief from stay is not granted, adequate protection shall be ordered.

13. ☒ See attached continuation page for other relief requested.

Date:  <u>01/13/2015</u>

<u>Swedelson Gottlieb</u>
Printed name of law firm (*if applicable*)
<u>Alyssa B. Klausner, Esq.</u>
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 5                        F 4001-1.RFS.RP.MOTION

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Jermaine Bowen                                       , declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*): Property Manager and Managing Agent of the Movant/Secured Creditor Association

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached):*

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.
      ☐ Beneficiary.

   d. ☒ Other (*specify):* Secured Creditor homeowners association where the subject real property is located.

4. a. The address of the Property is:

   *Street address:* 6637 Caro Street
   *Unit/suite no.:* 95
   *City, state, zip code:* Paramount, California 90723

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

   Assessors Parcel Number 71101-001-110; See legal description of property as decribed in Los Angeles County Recorder's Office Instrument Nos. 06 02143036 and 10-1676598, which are attached hereto as Exhibits 1 and 3

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

   a. ☐ Debtor's principal residence          b. ☐ Other residence
   c. ☒ Multi-unit residential                d. ☐ Commercial
   e. ☐ Industrial                            f. ☐ Vacant land
   g. ☒ Other (*specify*): Debtor's rental property

6. Nature of the Debtor's interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) (*specify*):

   c. ☐ Lienholder (*specify*):

   d. ☐ Other (*specify*):

   e. ☒ The Debtor ☒ did ☐ did not  list the Property in the Debtor's schedules.

   f. ☐ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.

      The deed was recorded on (*date*) 02/01/2006   .

7. Movant holds a  ☐ deed of trust  ☐ judgment lien ☒ other (*specify*)  CC&Rs & Delinquent Assessment Lien
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 2-5   .

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit  2-5   .

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit _____ .

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ 2,240.00 | $ |
| b. | Accrued interest: | $ | $ 125.42 | $ |
| c. | Late charges | $ | $ 196.00 | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ 5,696.86 | $ |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[                   ] | $[                   ] | $[                   ] |
| g. | TOTAL CLAIM as of (*date*): 01/07/2015 | $ 26,301.18 | $ 8,258.28 | $ 34,559.46 |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
   has occurred*):

   a. Notice of default recorded on (*date*) 09/18/2012   or ☐ none recorded.

   b. Notice of sale recorded on (*date*) 04/23/2014   or ☐ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) 05/15/2014   or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

   e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 7                          **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit __5__ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☒ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for *(or concluded on)* the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date: 01/08/2015
A plan was confirmed on the following date *(if applicable):* _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| 8 | | $ 280 | $ 2,240 |
| 7 | | $ 28 | $ 196 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit __5__.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                    $ 125.42
*(For details of type and amount, see Exhibit __5__)*

e. Attorneys' fees and costs:                                                        $ 5696.86
*(For details of type and amount, see Exhibit __5__)*

f. Less suspense account or partial paid balance:                    $[                    ]

TOTAL POSTPETITION DELINQUENCY:                    $ 8,258.28

g. Future payments due by time of anticipated hearing date *(if applicable):* __338.46__.
An additional payment of $__280__ will come due on __2/1/2015__, and on the __1st__ day of each month thereafter. If the payment is not received by the __15th__ day of the month, a late charge of $__28__ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied *(if applicable):*
$_____ received on *(date)* _____
$_____ received on *(date)* _____
$_____ received on *(date)* _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT.TRUSTEE)*.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (*specify*):



18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:

     1. Case name: _____
       Chapter: _____    Case number: _____
       Date filed: _____    Date discharged: _____    Date dismissed: _____
       Relief from stay regarding the Property ☐ was  ☐ was not  granted.

     2. Case name: _____
       Chapter: _____    Case number: _____
       Date filed: _____    Date discharged: _____    Date dismissed: _____
       Relief from stay regarding the Property ☐ was  ☐ was not  granted.

     3. Case name: _____
       Chapter: _____    Case number: _____
       Date filed: _____    Date discharged: _____    Date dismissed: _____
       Relief from stay regarding the Property ☐ was  ☐ was not  granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 10                    **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/9/2015 | Jermaine Bowen | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MOTION TO GRANT THE ASSOCIATION RELIEF FROM THE AUTOMATIC STAY
## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Movant and Secured Creditor THE HOMESTEAD HOMEOWNERS ASSOCIATION, (the "Association") moves for an Order granting the Association's request for relief from the automatic stay and immediately terminating the stay as to the Association with regard to the Debtor and the subject real property in order to allow the Association and its agents to proceed under all applicable non-bankruptcy laws to enforce its remedies including, but not limited to, foreclosure upon and obtaining possession of the Unit.  Said Motion is made on the grounds that: i) The homeowners assessments have been delinquent and unpaid *for more than five and a half (5-½) years* (since approximately June, 2009) and Unit's owner/the the Debtor has utterly failed to pay the homeowners assessments, including the post-petition assessments, in violation of 11 U.S.C. § 523(a)(16); and ii) The Debtor contends that the Unit is substantially "underwater" and has little or no equity, and therefore it is not necessary for an effective reorganization pursuant to 11 U.S.C. § 362(d)(2)(B).

The Unit and the Unit's owners including the Debtor have an obligation to pay the homeowners assessments to the Association pursuant to the Association's CC&Rs and California State law including *Civil Code* §§ 5650, 5660, 5675, 5700 and 5710 et seq. (formerly *Civil Code* §§ 1366, 1367.1, 1367.4), and 11 U.S.C. § 523(a)(16).   The homeowners assessments are used to maintain the Association and the complex including the Debtor's Unit. The Debtor has substantially delinquent in the payment of and has failed to pay the homeowners assessments *for more than five and a half (5-½) years*, and following the Petition Date, the Debtor continues to fail to pay the post-petition assessments*, all the while continuing to own, reside in and/or rent out the Unit and to derive, use and enjoy the benefits of their unit and the common area of the Association without making their assessment payments to the Association, which the lien secures.

/ / /

/ / /



## II.    STATEMENT OF FACTS

Movant and Secured Creditor THE HOMESTEAD HOMEOWNERS ASSOCIATION, a nonprofit mutual benefit corporation, is the homeowners association for a multi-unit residential development located in Paramount, California.  The Association is comprised of the owners of the units/lots/property within the Association, including the Debtor.

The Debtor Laquenta Marie Parker (the "Debtor") acquired title to the real property located at 6637 Caro Street, Unit 95, Paramount, CA 90723, more particularly described as Assessor's Parcel Number 71101-001-110 (the "Unit") via Grant Deed recorded on February 1, 2006 as Instrument Number 06 02143036 in the Official Records of Los Angeles County, California.  A true and correct copy of the Grant Deed is attached hereto as **Exhibit 1** and incorporated herein by reference.

The Unit and the Unit owners, including the Debtor, are subject to the Association's Governing Documents including that certain Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for The Homestead recorded on July 3, 1979, as Instrument Number 79-727116 in the Official Records of Los Angeles County, California (the "CC&Rs") and the Association's Collection Policy.  Such equitable servitudes and covenants shall run with the land and bind all of the units/lots and the owners of an interest in the Association including the Debtor. CC&Rs, Preamble, Sections B, C, D; Cal. *Civil Code* § 5975. A true and correct copy of the referenced and relevant portions of the Association's CC&Rs and Collection Policy are attached hereto as **Exhibit 2** and incorporated herein by reference.

Pursuant to the Association's CC&Rs, by virtue of the ownership of a unit and/or lot at and within the Association, the unit owners including the Debtor, are members of the Association, and covenant and agree and are obligated to abide by and comply with all of the terms and conditions of the Association's CC&Rs and to pay assessments levied by the Association to meet the Association's expenses pursuant to the Association's CC&Rs and California *Civil Code* §§ 5650, 5660, 5675, 5700 and 5710 et seq. (formerly *Civil Code* §§ 1366, 1367.1, 1367.4). CC&Rs Preamble, Article 1, Sections 1.04, 1.07, 1.08, 1.17, 1.19, 1.26, 1.30, 1.38, 1.40, 1.41, Article 3, Section 3.03, Article 4, Section 4.06 and Article 6, Sections

6.01, 6.03, 6.05, 606, 6.07, 6.09, 6.10, 6.11 (Exh. 2); Cal.Civ.Code §§ 5650, 5660, 5675, 5700,

5710.  In particular, the Preamble of the Association's CC&Rs provides that:

> "All provisions of this Declaration, including without limitation the easements, uses, obligations, covenants, conditions and restrictions hereof, are hereby imposed as equitable servitudes upon the Property. All of the limitations, restrictions, easements, conditions and covenants herein shall run with the land and shall be binding on and for the benefit of all of the Property and all parties having or acquiring any right, title or interest in the Property or any part thereof, and their successors and assigns." CC&Rs, Preamble, Section B (Exhibit 2).

And, the payment of the homeowners assessments is both an *in rem* obligation of the

Unit and the personal obligation of the Unit's owner(s) including the Debtor. CC&Rs, Article

6, Sections 6.01, 6.11; Cal.Civ.Code §§ 5600, 5650, 5675.  In that regard, Article 6, Section

6.01 of the Association's CC&Rs provides that:

> "[E]ach Unit Owner, by acceptance of a deed of a Condominium, whether or not it shall be so expressed in an such deed, is deemed to covenant and agree to pay to the Association all Annual Assessments for Common Expenses and all applicable Special Assessments, Reconstruction Assessments and Capital Improvement Assessments.… the payment of all such assessments, together with interest, costs and reasonable attorneys' fees shall be a separate, distinct and personal obligation of the Person who was the Unit Owner of such Condominium at the time when the assessments fell sue, and shall bind with heirs, devisees, personal representatives and assigns.  This personal obligation cannot be avoided by abandonment of the Condominium or by an offer to waive use of the Common Areas or Association Properties." CC&Rs, Article 6, Sections 6.01 (Exhibit 2); *See also Civil Code* §§ 5650, 5675 et seq. (formerly *Civil Code* §§ 1366(e), 1367.1).

Further, Article 6, Section 6.11 of the Association's CC&Rs provides that: "All sums assessed

in accordance with the provisions of this Declaration shall constitute a lien on the respective

Condominium….".

Additionally, the obligation to pay assessments cannot be offset or waived.  In that regard,

Article 4, Section 4.06 of the Association's CC&Rs provides that:

> "**Waiver of Use**. **No member may exempt himself from personal liability for Assessments** duly levied by the Association, nor effect the release of his Condominium from the liens and charges thereof, by waiver of the use and enjoyment of the Common Areas or Association Properties, or by abandonment of his Condominium." [Emphasis added] CC&Rs, Article 4, Section 4.06; *See also* Article 6, Sections 6.01, 6.11 (Exhibit 2).

SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

**MOTION TO GRANT RELIEF FROM THE AUTOMATIC STAY**

Assessments are delinquent if not paid within fifteen (15) days after they are due, in which case a late fee of ten percent (10%) is imposed, plus interest of twelve percent (12%) per annum if the assessment is unpaid thirty days after it becomes due. CC&Rs, Article 6, Sections 6.09, Collection Policy (Ex. 2); Cal.Civ.Code § 5650. These sections are in accordance with California *Civil Code* §§ 5650 and 5675. In that regard, *Civil Code* § 5650 (b) provides that:

> "Regular and special assessments levied pursuant to the governing documents are delinquent 15 days after they become due . . . If an assessment is delinquent the association may recover all of the following:
>
> (1) Reasonable costs incurred in collecting the delinquent assessment, including reasonable attorney's fees.
>
> (2) A late charge not exceeding 10 percent of the delinquent assessment or ten dollars ($10), whichever is greater, unless the declaration specifies a late charge in a smaller amount, in which case any late charge imposed shall not exceed the amount specified in the declaration.
>
> (3) Interest on all sums imposed in accordance with this section, including the delinquent assessments, reasonable fees and costs of collection, and reasonable attorney's fees, at an annual interest rate not to exceed 12 percent, commencing 30 days after the assessment becomes due, unless the declaration specifies the recovery of interest at a rate of a lesser amount, in which case the lesser rate of interest shall apply."

In addition, *Civil Code* §§ 5650 (a) and 5675 provide, in relevant part, that:

> "Civ. Code § 5650 (a). A regular or special assessment and any late charges, reasonable fees and costs of collection, reasonable attorneys' fees, if any, and interest, if any, as determined in accordance with subdivision (b), shall be a debt of the owner of the separate interest at the time the assessment or other sums are levied.
> . . . .
> Civ. Code § 5675. The amount of the assessment, plus any costs of collection, late charges, and interest assessed in accordance with subdivision (b) of Section 5650 shall be a lien on the owner's separate interest in the common interest development..."

California *Civil Code* §§ 5600, 5650, 5660, 5675 and 5700 et seq. and the Association's CC&Rs authorize the Association to collect delinquent assessments, late charges, interest and collection costs including reasonable attorneys' fees, and to record a lien against a homeowner's unit and foreclose on that lien to collect same, and/or file a lawsuit against the Debtor to collect said unpaid assessments and related charges. CC&Rs, Article 6, Sections 6.10, 6.11, Collection Policy.

/ / /



Dating back to 2009, and continuing thereafter, the Unit and its owner/the Debtor failed to pay the homeowners assessments for the Unit.  As there were outstanding assessments due, the Association recorded a Notice of Delinquent Assessment Lien (the "Lien") on November 19, 2010 as Instrument Number 10-1676598 in the Official Records of the Recorder's Office, Los Angeles County, California.  A true and correct copy of the Lien is attached hereto as **Exhibit 3** and incorporated herein by reference.  Thus, the Association is a holder of a secured claim and lien recorded against the Unit in which the Debtor claims an interest.

Having not received payment of the delinquent assessment amounts, the Association recorded its Notice of Default on September 9, 2012 as Instrument Number 20121395945 in the Official Records of the Recorder's Office, Los Angeles County, California.  A true and correct copy of the Notice of Default is attached hereto as **Exhibit 4**.  Following the issuance of the Association's Notice of Default, there is a 90-day redemption that commences and which must expire before which the Notice of Trustee's Sale can be issued.

Having not received payment of the outstanding delinquent assessments, and following the expiration of the 90-day redemption period following the recordation of the Association's Notice of Default, the Association recorded its Notice of Trustee's Sale on or about April 23, 2014 as Instrument Number as 20140414554 in the Official Records of the Recorder's Office, Los Angeles County, California.  A true and correct copy of the Notice of Sale is attached hereto as **Exhibit 4**.  The Association's Trustee's Sale was initially scheduled to be held on May 15, 2014.  However, one day prior to the Association's Trustee's Sale, the Debtor filed the instant bankruptcy case.

The Debtor filed the instant Chapter 13 bankruptcy (United States Bankruptcy Court – Central District of California Case No.: 2:14-bk-19444-SK) on May 14, 2014 (the "Petition Date"), which is currently pending.  In her Schedule, the Debtor states that the Fair Market Value of the Unit is $126,795.  Further, in her Lien Avoidance Motion, the Debtor contends that the Property is worth $130,000.  In support of its Opposition to the Debtor's Lien Avoidance Motion, the Association submitted an appraisal that valued the Property at $160,000. A true and correct copy of the Debtor's Schedules A and D for the instant bankruptcy and the relevant



**MOTION TO GRANT RELIEF FROM THE AUTOMATIC STAY**

portions of the Debtor's Lien Avoidance Motion and the supporting Declaration are attached hereto as **Exhibit 6** and incorporate herein by reference.

Following the Petition Date, the Debtor continues to own, have possession of and reside in and/or rent out the Unit. However, following the Petition Date, the Debtor has failed to pay the post-petition homeowners assessment amounts, and no post-petition payments have been made by the Debtor to the Association.

The Debtor and the Unit have a long history of failing to pay the homeowners assessments owed to the Association. The Unit and the Debtor currently owe the Association approximately at least $34,559.46 through January 7, 2015, of which approximately $26,301.18 are pre-petition assessments and at least $8,258.28 are post-petition assessments to date, which remain unpaid. Exhibit 6; Klausner Decl. Further post-petition assessments of $280.00 continue to accrue each month, which if not timely paid, will incur additional late fees of $28, interest at the rate of 12% per annum (per the Association's Governing Documents and California *Civil Code* §§ 5650 and 5675) and collection costs, including legal fees. A true and correct copy of the Association's account statement is attached hereto as **Exhibit 5** and incorporated herein by reference.

As set forth in the Declaration of Jermaine Bowen, the Association's property manager, the failure and continued failure of the Debtor to pay her assessment obligations creates a burden on this Association and its other members who must share in the cost of their failure to pay their assessments. The homeowners assessments are used by the Association for, amongst other things, maintenance and repair of the Project, including the Unit and the Association common areas. CC&Rs, Article 6, Section 6.03 (Ex. 2). Following the bankruptcy petition, the Debtor continues to have legal ownership and possession of the Unit, resides in and/or rents out the Unit, continues to use the common area facilities at the Association, continues to derive the benefits of the Unit and the common area of the Association, and continues to take advantage of the utilities and other services for which the Association must pay, but for which the Debtor is not contributing as a result of the delinquent assessments. The on-going delinquency of the Debtor to pay assessments places the Association and its members in a precarious position.



**MOTION TO GRANT RELIEF FROM THE AUTOMATIC STAY**

A review of the facts set forth in the Declarations filed in support of this Motion and the documentary evidence submitted herewith demonstrate that the Debtor's on-going bankruptcy is preventing the Association from proceeding with the foreclosure on the Unit, and/or a lawsuit against the Debtor with regard to the delinquent post-petition assessments that continue to accrue.  Assessments have been unpaid/delinquent on this Unit *for more than five and half (5-½) years.*  As a result, since payment was not forthcoming, the Association was forced to record a Lien on the Unit.

The failure of the Debtor to make post-petition homeowners assessment payments to the Association, while owning and possibly renting the Unit, violates 11 U.S.C. § 523(a)(16).  If the requested relief is not granted, the Association will be prejudiced in its ability to collect the delinquent assessments from the Debtor and the Unit and the Association will be prejudiced in obtaining compliance with the Association's CC&Rs if the stay is not lifted.

Prior to filing this Motion, the Association via its attorney contacted the Debtor's Attorneys Matthew Resnik, Kevin Simon, Russell Stong and Max Bonilla numerous times regarding the Debtor's non-payment of the post-petition assessments via email and telephone including, but not limited to, December 18, 2014, December 19, 2014, December 29, 2014, January 5, 2015 and January 7, 2015.  Accordingly, having not received a definitive response nor the payment of the assessments including the post-petition assessments, the Association had no choice but to prepare the instant Motion for Relief from the Automatic Stay.

Accordingly, the Association respectfully requests that this Court issue an Order granting the Association's request for relief from the automatic stay and immediately terminating the stay as to the Association with regard to the Debtor and the Unit in order to allow the Association and its agents to proceed under all applicable non-bankruptcy laws to enforce its remedies including, but not limited to, foreclosure upon and obtaining possession of the Unit, and/or commencing legal action against the Debtor for the unpaid (post-petition) assessments. If relief from stay is not granted, the Association respectfully requests that the Court order adequate protection.  The Association further requests that any order entered in this bankruptcy be effective in any subsequent bankruptcy filed by this Debtor and affecting the Unit.

SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

## III.  ARGUMENT

### A.  RELIEF FROM THE AUTOMATIC STAY SHOULD BE GRANTED ON THE GROUNDS THAT THE DEBTOR HAS FAILED PAY THE POST-PETITION ASSESSMENTS IN VIOLATION OF 11 U.S.C. § 523(a)(16)

The Association seeks relief from the automatic stay afforded under 11 USC § 362 of the U.S. Bankruptcy Code on the grounds that the Debtor has failed to pay and/or been delinquent in the payment of the post-petition homeowners' assessment payments to the Association in violation of 11 U.S.C. § 523(a)(16), while the Debtor continues to own the Unit.  The Debtor owns, resides in and/or rents out the Unit and benefits from the common area facilities at the Association, and benefits from the other services for which the Association must pay, but for which the Debtor has not contributed by payment of the assessments due to the Association pursuant to the CC&Rs.

Not only has the Debtor failed to pay at least $34,559.46 for unpaid homeowners assessments and related charges for late fees, interest and collection costs (through January 7, 2015 excluding some late fees, interest and legal fees which are also due) with regard to the Unit, of which approximately $26,301.18 is for delinquent pre-petition assessments and at least $8,258.28 (through January 7, 2015 excluding some late fees, interest and legal fees which are also due) is for outstanding post-petition assessments and related charges, said post-petition assessments and related collection costs and fees due the Association continue to accrue each month.  The continued failure of the Debtor to pay assessment obligations creates an undue burden on the Association and its other members who must share in the cost of the Debtor's failure to pay the assessments.

11 USC § 523(a), Subsection (16) exempts post-petition assessments from discharge regardless of the type of bankruptcy the Debtor files.  With respect to the Exceptions to Discharge, 11 USC § 523 (a), Subsection (16) clearly provides that:

"(a) **A discharge** under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title **does not discharge an individual debtor from, any debt** –
(16) **for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership**, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal,

**MOTION TO GRANT RELIEF FROM THE AUTOMATIC STAY**

SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case". 11 USC § 523(a)(16). [Emphasis added.]

Even though the Debtor has had and continues to have legal, equitable and/or possessory ownership of the Unit, and owns and resides in and/or rents out the Unit, as well as benefits from use and enjoyment of the Association's common areas, the Debtor has not paid the homeowners assessments.  Additionally, the Debtor has forced and continues to force the Association to incur, amongst other things, additional costs for collection fees and attorneys' fees as a result of the failure to pay the assessments and prepare this Motion.

In the case of *Foster v. Double R Ranch Association* (In Re Foster), 2010 DJDAR 13025 (9th Cir. July 19, 2010) where the Debtor tried to avoid the payment of the homeowners assessments in a Chapter 13 case, the Court, finding in favor of the Association, stated, in relevant part, as follows:

"[W]e hold, as a matter of law, debtor's personal liability for HOA dues continues postpetition as long as he maintains his legal, equitable or possessory interest in the property and is unaffected by his discharge. In essence, the "running" covenant rule in this case boils down to one of **"you stay, you pay"**. . . ." [Emphasis added].

The *Foster* Court's statement, **"you stay, you pay"** with regard to the Debtor's obligation to pay the post-petition assessments while she continues to own the Unit, bears repeating.  Since the Petition Date, the Debtor has failed to make any payments to the Association for the post-petition assessment amounts. Exhibit 5.

Automatic stay provisions in the Bankruptcy Code were not intended to be used as a weapon or club to reduce creditors into submission with continued passage of time while no payments are made to them or to be a permanent refuge for a financially distressed Debtor. The bankruptcy laws were intended only to give a debtor a breathing spell from his creditors and to afford him reasonable time to repay his debts or develop a reorganization plan. *In re Gaslight Village, Inc.* 8 B.R. 866 (Bk. Conn. 1981).

In the *In re Kinney Kar Leasing, Inc.* 5 B.R. 405 (C.D. Cal. 1980) case, the Court held:

"No one questions the right of a debtor to a fair chance at rehabilitation. On the other


SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

hand, that right is not so pervasive as to permit the destruction of economic rights equally entitled to the sanctioned protection of law. The cited provisions of the Code are an effort to balance these conflicting interests, to grant to the debtor the right to continued enjoyment and exploitation of property and assets upon which rehabilitation depends, not at the expense of secured creditors, but on terms which protect secured creditors in the realization of the value of their interests in such property and assets."

In the case of *In re Fernandez* 212 B.R. 361 (Bankr. C.D. Cal. 1997), the Court enforced an *in rem* relief from stay order from a prior proceeding and upheld a bankruptcy court's ability to use its equitable powers under 11 U.S.C. § 105(a) to "prevent abuse" and to "preserve the integrity of the bankruptcy process."

A creditor is entitled to relief from the automatic stay if the debtor files bankruptcy in bad faith. *In Re Duvar Apt., Inc.* 97 DJ DAR 6109 (9th Cir. BAP, May 14, 1997); *In re Huerta*, 137 B.R. 356 (Bkrtcy C.D. Cal. 1992). In the landmark case of *In re Fast Food Properties, Ltd. No. 1,* 5 B.R. 539 (C.D. Cal. 1980), the Court held that a case filed solely for the purpose of frustrating the enforcement of the power of sale provisions in a deed of trust was subject to dismissal. The Court stated: "Under the Bankruptcy Act of 1898, the Bankruptcy Court, without express statutory authority, dismissed Bankruptcy cases which were filed improperly for an improper purpose." The principle in that case applies equally to attempts to avoid the power of sale in the lien remedy afforded to homeowners associations for collection of delinquent assessments pursuant to *Civil Code* §§ 5650 et seq. (formerly *Civil Code* §§ 1367.1, 1367.4) and the Association's CC&Rs.

Therefore, the Association respectfully requests that the Court should issue an Order granting the Association relief from the automatic stay and immediately terminating the stay as to the Association with respect to the Debtor and the Unit to allow the Association and its agents to proceed under all applicable non-bankruptcy laws to enforce its remedies including, but not limited to, foreclosure upon the Unit and obtaining possession of the Unit, and/or commencing legal action against the Debtor for the unpaid post-petition assessments.

**B.    THE UNIT IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION, THE UNIT IS OVERENCUMBERED, AND THERE IS MINIMAL EQUITY, IF ANY, IN THE UNIT.**

According to the Debtor in her Lien Avoidance Motion ("LAM"), the Unit is encumbered



**MOTION TO GRANT RELIEF FROM THE AUTOMATIC STAY**

1  for *at least* $172,251.18 including the lender encumbrance of $145,950 and the secured

2  amounts owed to the Association of at least $26,301.18. *See* Debtor's Motion to Avoid the

3  Lien; Opposition to Lien Avoidance Motion.   Moreover, the Debtor contends that the fair

4  market value of the Unit is $126,795 in her Schedules and $130,000 in her LAM.  Thus, using

5  the Debtor's allegations, the Unit is substantial underwater by at least $(-42,251.18) is not

6  more, and the value of the Unit is worth substantially less than the amount of the secured

7  encumbrances.  And, the Debtor does not have equity in the Unit and pursuant to 11 USC §

8  362(d)(2)(B), the Unit is not necessary for an effective reorganization, and the Association's

9  interest is not protected by an adequate equity cushion.

10  **IV.   CONCLUSION**

11      For the reasons set forth above and in the concurrently filed Declarations, the Association

12  respectfully requests and good cause exists for the Court to issue an Order granting the

13  Association's request for relief from the automatic stay and immediately terminating the stay as

14  to the Association with regard to the Unit and the Debtor in order to allow the Association and

15  its agents to proceed under all applicable non-bankruptcy laws to enforce its remedies

16  including, but not limited to, foreclosure upon and obtaining possession of the Unit, and/or

17  commencing legal action against the Debtor for the unpaid assessments.  If relief from stay is

18  not granted, the Association respectfully requests that the Court order adequate protection.  The

19  Association further requests that any order entered in this Bankruptcy be effective in any

20  subsequent bankruptcy filed by this Debtor, or affecting the Unit.

21  Dated: January 7, 2015            SWEDELSON GOTTLIEB

22

23  By: _____

24            Alyssa B. Klausner, Esq.
          Attorneys for Movant and Secured Creditor,
25          THE HOMESTEAD HOMEOWNERS ASSOCIATION

26

27

28

SWEDELSON
&GOTTLIEB
ATTORNEYS AT LAW

## DECLARATION OF JERMAINE BOWEN

I, Jermaine Bowen, hereby declare as follows:

1.      I am the property manager and managing agent for the Movant and Secured Creditor THE HOMESTEAD HOMEOWNERS ASSOCIATION (hereinafter the "Association"), a creditor of the Debtor.  I am over 18 years of age.  Except as to those matters alleged on information and belief, I know the following facts to be true, and if called upon to do so, I could and would competently testify to the truth of the following matters under oath.  As to the matters alleged on information and belief, I believe them to be true, and if called upon to testify about the facts asserted herein, I could and would testify thereto.

2.      I am familiar with the Association's books, records and accounts as they relate to, Debtor herein, Laquenta Marie Parker (the "Debtor") and the Unit.  I am one of the custodians of the books, records and files of the Association, including those books, records and files that pertain to Debtor's obligation to pay regular and special assessments and related costs and charges to the Association relating to the Unit at the Association owned by the Debtor.  I have worked on books, records and files and as to the following facts, I know them to be true of my own personal knowledge or I have gained knowledge of them from the business records of the Association on behalf of the Association, which were made at or about the time of the events recorded and which are maintained in the ordinary course of the Association's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of the Association by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the Court if required.

3.      The real property that is the subject of this Motion is 6637 Caro Street, Unit 95, Paramount, California 90723, more particularly described as Assessor's Parcel Number 71101-001-110 (the "Unit").

4.      Movant and Secured Creditor THE HOMESTEAD HOMEOWNERS ASSOCIATION, a nonprofit mutual benefit corporation, is the homeowners association for a multi-unit residential

SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

development located in Paramount, California. The Association is comprised of the owners of the units/lots/properties within the Association, including the Debtor.

5. The Debtor Laquenta Marie Parker (the "Debtor") acquired title to Unit via Grant Deed that recorded on February 1, 2006 as Instrument Number 06 02143036 in the Official Records of Los Angeles County, California. A true and correct copy of the Grant Deed is attached hereto as **Exhibit 1**.

6. The Unit and the Unit owners, including the Debtor, are subject to the Association's Governing Documents including that certain Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for The Homestead that recorded on July 3, 1978, as Instrument Number 79-727116 in the Official Records of Los Angeles County, California (the "CC&Rs") and the Association's Collection Policy. Such equitable servitudes and covenants shall run with the land and bind all of the units/lots and the owners of an interest in the Association including the Debtor. CC&Rs, Preamble, Sections B, C, D; Cal. *Civil Code* § 5975. A true and correct copy of the referenced and relevant portions of the Association's CC&Rs and Collection Policy are attached hereto as **Exhibit 2**.

7. Pursuant to the Association's CC&Rs, by virtue of the ownership of a unit and/or lot at and within the Association, the unit owners including the Debtor, are members of the Association, and covenant and agree and are obligated to abide by and comply with all of the terms and conditions of the Association's CC&Rs and to pay assessments levied by the Association to meet the Association's expenses pursuant to the Association's CC&Rs and California *Civil Code* §§ 5650, 5660, 5675, 5700 and 5710 et seq. (formerly *Civil Code* §§ 1366, 1367.1, 1367.4). CC&Rs Preamble, Article 1, Sections 1.04, 1.07, 1.08, 1.17, 1.19, 1.26, 1.30, 1.38, 1.40, 1.41, Article 3, Section 3.03, Article 4, Section 4.06, Article 6, Sections 6.01, 6.03, 6.05, 606, 6.07, 6.09, 6.10, 6.11 (Exh. 2); Cal.Civ.Code §§ 5650, 5660, 5675, 5700, 5710.

8. The payment of the homeowners assessments is both an *in rem* obligation of the Unit and the personal obligation of the Unit's owner(s) including the Debtor. CC&Rs, Article 6, Sections 6.01, 6.11; Cal.Civ.Code §§ 5600, 5650, 5675.





9.     Additionally, the obligation to pay assessments cannot be offset or waived.  CC&Rs, Article 4, Section 4.06, Article 6, Sections 6.01, 6.11.

10.    Assessments are delinquent if not paid within fifteen (15) days after they are due, in which case a late fee of ten percent (10%) is imposed, plus interest of twelve percent (12%) per annum if the assessment is unpaid thirty days after it becomes due. CC&Rs, Article 6, Sections 6.09, Collection Policy (Ex. 2); Cal.Civ.Code § 5650, 5675, et seq.

11.    California *Civil Code* §§ 5600, 5650, 5660, 5675 and 5700 et seq. and the Association's CC&Rs authorize the Association to collect delinquent assessments, late charges, interest and collection costs including reasonable attorneys' fees, and to record a lien against a homeowner's unit and foreclose on that lien to collect same, and/or file a lawsuit against the Debtor to collect said unpaid assessments and related charges. CC&Rs, Article 6, Sections 6.10, 6.11, Collection Policy.

12.    Dating back to 2009, and continuing thereafter, the Unit and its owner/the Debtor failed to pay the homeowners assessments for the Unit.  As there were outstanding assessments due, the Association recorded a Notice of Delinquent Assessment Lien (the "Lien") on November 19, 2010 as Instrument Number 10-1676598 in the Official Records of the Recorder's Office, Los Angeles County, California.  A true and correct copy of the Lien is attached hereto as **Exhibit 3**.  Thus, the Association is a holder of a secured claim and lien recorded against the Unit in which the Debtor claims an interest.

13.    Having not received payment of the delinquent assessment amounts, the Association recorded its Notice of Default on September 9, 2012 as Instrument Number 20121395945 in the Official Records of the Recorder's Office, Los Angeles County, California.  Following the issuance of the Association's Notice of Default, there is a 90-day redemption that commences and which must expire before which the Notice of Trustee's Sale can be issued.

14.    Having not received payment of the outstanding delinquent assessments, and following the expiration of the 90-day redemption period following the recordation of the Association's Notice of Default, the Association recorded its Notice of Trustee's Sale on or about April 23, 2014 as Instrument Number as 20140414554 in the Official Records of the


Swedelson & Gottlieb
ATTORNEYS AT LAW

**MOTION TO GRANT RELIEF FROM THE AUTOMATIC STAY**

Recorder's Office, Los Angeles County, California.  A true and correct copy of the Notice of Sale is attached hereto as **Exhibit 4**.  The Association's Trustee's Sale was initially scheduled to be held on May 15, 2014.  However, one day prior to the Association's Trustee's Sale, the Debtor filed the instant bankruptcy case.

15.    The Debtor filed the instant Chapter 13 bankruptcy (United States Bankruptcy Court – Central District of California Case No.: 2:14-bk-19444-SK) on May 14, 2014 (the "Petition Date"), which is currently pending.  In her Schedule, the Debtor states that the Fair Market Value of the Unit is $126,795.  Further, in her Lien Avoidance Motion, the Debtor contends that the Property is worth $130,000. A true and correct copy of the Debtor's Schedules A and D for the instant bankruptcy and the relevant portions of the Debtor's Lien Avoidance Motion and her supporting Declaration are attached hereto as **Exhibit 6.**

16.    Following the Petition Date, the Debtor continues to own, have possession of and reside in and/or rent out the Unit.  However, following the Petition Date, the Debtor failed to pay any of the post-petition homeowners assessment amounts, and no post-petition payments have been made by the Debtor to the Association.

17.    In support of its Opposition to the Debtor's Lien Avoidance Motion, the Association submitted an appraisal that valued the Property at $160,000.

18.    The Debtor and the Unit have a long history of failing to pay the homeowners assessments owed to the Association.  The Unit and the Debtor currently owe the Association approximately at least $34,559.46 through January 7, 2015, of which approximately $26,301.18 are pre-petition assessments and at least $8,258.28 are post-petition assessments to date, which remain unpaid.  Further post-petition assessments of $280.00 continue to accrue each month, which if not timely paid, will incur additional late fees of $28, interest at the rate of 12% per annum (per the Association's Governing Documents and California *Civil Code* §§ 5650 and 5675) and collection costs, including legal fees.  A true and correct copy of the Association's account statement is attached hereto as **Exhibit 5**.

19.    The failure and continued failure of the Debtor to pay her assessment obligations creates a burden on this Association and its other members who must share in the cost of their



failure to pay their assessments.  The homeowners assessments are used by the Association for, amongst other things, maintenance and repair of the Project, including the Unit and the Association common areas. CC&Rs, Article 6, Section 6.03 (Ex. 2).  Following the bankruptcy petition, the Debtor continues to have legal ownership and possession of the Unit, resides in and/or rents out the Unit, continues to use the common area facilities at the Association, continues to derive the benefits of the Unit and the common area of the Association, and continues to take advantage of the utilities and other services for which the Association must pay, but for which the Debtor is not contributing as a result of the delinquent assessments.  The on-going delinquency of the Debtor to pay assessments places the Association and its members in a precarious position.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on this _____ day of January, 2015, at Los Angeles, California.


_____
Jermaine Bowen



**MOTION TO GRANT RELIEF FROM THE AUTOMATIC STAY**

19. The failure and continued failure of the Debtor to pay her assessment obligations creates a burden on this Association and its other members who must share in the cost of their failure to pay their assessments. The homeowners assessments are used by the Association for, amongst other things, maintenance and repair of the Project, including the Unit and the Association common areas. CC&Rs, Article 6, Section 6.03 (Ex. 2). Following the bankruptcy petition, the Debtor continues to have legal ownership and possession of the Unit, resides in and/or rents out the Unit, continues to use the common area facilities at the Association, continues to derive the benefits of the Unit and the common area of the Association, and continues to take advantage of the utilities and other services for which the Association must pay, but for which the Debtor is not contributing as a result of the delinquent assessments. The on-going delinquency of the Debtor to pay assessments places the Association and its members in a precarious position.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on this ___ day of January, 2015, at Los Angeles, California.



Jermaine Bowen



SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

MOTION TO GRANT RELIEF FROM THE AUTOMATIC STAY

### DECLARATION OF ALYSSA B. KLAUSNER

I, Alyssa B. Klausner, declare as follows:

1.  I am an attorney at law, duly licensed to practice before all the courts in the State of California.  I am an attorney with the law firm of Swedelson Gottlieb, counsel of record for Secured Creditor THE HOMESTEAD HOMEOWNERS ASSOCIATION (hereinafter the "Association"), a secured creditor of the Debtor herein.  I know the following facts to be true of my own personal knowledge, except as to those matters alleged on the basis of information and belief, and as to those matters, I believe them to be true.  If called upon to do so, I could and would testify to the truth of the following matters under oath.

2.  I, on behalf of the Association, contacted the Debtor's Attorneys Matthew Resnik, Kevin Simon, Russell Stong and Max Bonilla to discuss the Debtor's non-payment of post-petition assessments and arrange for payment of the post-petition homeowners assessments.  In fact, I contacted the Debtor's Attorneys several times via email and telephone including, but not limited to, December 18, 2014, December 19, 2014, December 29, 2014, January 5, 2015 and January 7, 2015.  Having not received a definitive response nor the payment of the assessments including the post-petition assessments, the Association had no choice but to prepare the instant Motion for Relief from the Automatic Stay.

3.  As of January 7, 2015 the Association has incurred at least $5,696.86 in legal fees and costs with regard to the bankruptcy of the Debtor and the Debtor's on-going delinquency including the preparation of the Motion for Relief from the Automatic Stay.

4.  I have been practicing for over 22 years, and my time is billed at $335.00 per hour. Sean D. Allen has been practicing over 7 years and his time was billed at the rate of $315 per hour.  These fees are reasonable.  Swedelson Gottlieb entirely limits its practice to the area of Community Association law and limits the practice to the representation of homeowners associations.  Moreover, I am one of the few attorneys in the State of California who deal with bankruptcy cases for homeowners associations. The hourly rate of each attorney who worked on this is no greater, and is actually less than, the usual and customary rates that are charged by association law attorneys of comparable experience in the Southern California area.



**MOTION TO GRANT RELIEF FROM THE AUTOMATIC STAY**

5. The time spent and amount billed by Swedelson Gottlieb is reasonable, especially in light of the circumstance of this matter, including the on-going failure of the Debtor to pay the delinquent assessments while continuing to derive the benefits and use of Association's Common Areas.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 7th day of January, 2015 at Los Angeles, California.

Alyssa B. Klausner



**MOTION TO GRANT RELIEF FROM THE AUTOMATIC STAY**

SWEDELSON
& GOTTLIEB
ATTORNEYS AT LAW

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11900 W. Olympic Blvd., Suite 700, Los Angeles, California 90064

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/13/2015 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee - Email: ustpregion16.la.ecf@usdoj.gov
Kathy Dockrey (Trustee)- Email: efiling@CH13LA.com
Matt Resnik (Debtor's Atty) - Email: matt@srhlawfirm.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 01/13/2015 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor - Laquenta Marie Parker, 6637 Caro Street, Unit # 95, Paramount, CA 90723
Courtesy Copy - Us Bankruptcy Court, The Honorable Sandra R. Klein, 255 East Temple Street, Suite 1582/Courtroom 1575, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/13/2015 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Russel Stong (Debtor's Atty) - Email: russell@srhlawfirm.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/13/2015 | Alinda Turner | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.